# United States Court of Appeals
# for the Fifth Circuit

---

No. 24-10453
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
December 3, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Rudy Avila,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:21-CR-168-1

---

Before Stewart, Haynes, and Higginson, *Circuit Judges*.

Per Curiam:[*]

Rudy Avila, federal prisoner # 10709-509, moves for leave to proceed in forma pauperis (IFP) in his appeal from the denial of his 18 U.S.C. § 3582(c)(1)(A)(i) motion for compassionate release. He is currently serving a 210-month sentence for wire fraud. The district court determined that Avila failed to show that extraordinary and compelling circumstances

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

warranted compassionate release and that the 18 U.S.C. § 3553(a) factors did not weigh in favor of granting relief. *See* 18 U.S.C. § 3582(c)(1)(A).

In his appeal brief, Avila argues, inter alia, that the district court erred in balancing the § 3553(a) factors because the nature and circumstances of his offense and his history and characteristics favor relief. Essentially, he argues that there are facts that the district court did not consider that mitigate his involvement in the fraudulent scheme underlying his offense. He additionally contends that he has no criminal history, he has engaged in "good conduct" and participated "in various programs while in prison," and he has a low risk for recidivism.

Avila has not shown that the district court's denial of his motion was an abuse of discretion. *See United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). The only evidence supporting his allegations that he was "duped" into participating in the fraudulent scheme and that he lacked full knowledge of it is an unsworn, unsigned, handwritten narrative that Avila attempts to submit for the first time on appeal. We will not consider the narrative. *See Theriot v. Par. of Jefferson*, 185 F.3d 477, 491 n.26 (5th Cir. 1999). In any event, the allegations contained in Avila's narrative are largely at odds with his guilty plea, the facts relayed in the presentence report, and other items in the district court record. To the extent that Avila's remaining arguments challenge the district court's assessment of the § 3553(a) factors, they amount to no more than a disagreement with the district court's balancing of these factors, which is insufficient to show an abuse of discretion. *See Chambliss*, 948 F.3d at 693-94.

Finally, we do not reach Avila's argument that the district court failed to address his request for home confinement. Avila never explicitly requested that the district court order home confinement in his compassionate release motion and raises it for the first time on appeal. *See*

No. 24-10453

*United States v. Thompson*, 984 F.3d 431, 432 n.1 (5th Cir. 2021). Regardless, having determined that a sentence reduction was not warranted, the district court had no reason to address in its order whether home confinement or some other modification of Avila's sentence short of a sentence reduction would have been appropriate.

Because Avila fails to identify a nonfrivolous argument that the district court abused its discretion by denying relief based on the balancing of the § 3553(a) factors, we need not consider his arguments regarding extraordinary and compelling circumstances. *See United States v. Jackson*, 27 F.4th 1088, 1093 n.8 (5th Cir. 2022); *Ward v. United States*, 11 F.4th 354, 360-62 (5th Cir. 2021); *Chambliss*, 948 F.3d at 693.

Accordingly, Avila's IFP motion is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 & n.24 (5th Cir. 1997); *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983); 5TH CIR. R. 42.2.